Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21550 Oxnard St., Suite 700
Woodland Hills, CA 91367
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
*Attorneys for Plaintiff*
Additional Attorneys on Signature Page

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LAJOI McCLENDON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>CONTINENTAL FINANCE COMPANY, LLC; OLIPHANT FINANCIAL GROUP, LLC; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR VIOLATIONS OF:**<br><br>**(1)   Federal Fair Debt Collection Practices Act [15 U.S.C. §1692 et seq.]**<br>**(2)   Rosenthal Fair Debt Collection Practices Act [Cal. Civ. § 1788 et seq.]**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff LaJoi McClendon ("Plaintiff"), individually, and on behalf of all others similarly situated, alleges the following upon information and belief based upon personal knowledge:

**NATURE OF THE CASE**

1.   This is a class action brought on behalf of all consumer debtors who received communications from Defendants in violation of the Federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA") and the California

Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 *et seq*. ("RFDCPA").

## JURISDICTION & VENUE

2. The Court has jurisdiction over Plaintiff's FDCPA cause of action pursuant to 28 U.S.C. §1331, and supplemental jurisdiction over Plaintiff's RFDCPA claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in the Central District of California pursuant to 18 U.S.C. §1391(b) and 18 U.S.C. §1441(a) because Defendants do business within the State of California, within the County of San Bernardino, and in the Central District of California.

## PARTIES

4. Plaintiff is a natural person residing in San Bernardino County, State of California, who is obligated or allegedly obligated to pay any debt, and from whom a debt collector seeks to collect a consumer debt which is due and owing or alleged to be due and owing, thereby rendering her a "consumer," under the FDCPA, 15 U.S.C. §1692a(3), and a "debtor" under the RFDCPA, *Cal. Civ. Code* §1788.2(h).

5. Defendants Continental Finance Company, LLC ("Continental") and Oliphant Financial Group, LLC ("Oliphant") are companies that use any instrumentality of interstate commerce or the mails in its businesses, the principal purpose of which is the collection of any debts; both companies also regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Thus, Defendant Continental and Defendant Oliphant are each a "debt collector," under the FDCPA, 15 U.S.C. §1692a(6). Defendants, in the ordinary course of business, regularly, on behalf of itself or others, engage in debt collection, thereby qualifying each as a "debt collector," under the RFDCPA, *Cal. Civ. Code* §1788.2(c). The debts Defendants attempted to collect from Plaintiff and the putative class members qualify as "debt(s)," under the

FDCPA, 5 U.S.C. §1692a(5), and as "consumer debt(s)," under the RFDCPA, *Cal. Civ. Code* §1788.2(f).

## FACTUAL ALLEGATIONS

6. On or about January 6, 2017, Plaintiff received an email from Defendant Continental attempting to collect an alleged outstanding debt. The email informed Plaintiff that her account with Verve MasterCard credit card had been charged off and sold to Defendant Oliphant. The email provided the website address and mailing address for making payments to Defendant Oliphant.

7. The email to Plaintiff, sent by Defendants, was a "communication" as that term is defined by 15 U.S.C. §1692a(2), a "debt collection" as that term is defined by *Cal. Civ. Code* §1788.2(b), and an "initial communication" consistent with 15 U.S.C. §1692g(a) and *Cal. Civ. Code* §1812.700(b).

8. The email failed to notify Plaintiff of her debtor rights as required by both the FDCPA and RFDCPA. In particular, Defendants' email failed to provide the required validation notice and, therefore, violates the requirements set forth in 15 U.S.C. §1692g(a) and, as a result, also violates *Cal. Civ. Code* §1788.17.

9. Additionally, the email failed to provide the specific description of debtor rights that is required by *Cal. Civ. Code* §1812.700(a).

## CLASS ALLEGATIONS

10. Plaintiff brings this action pursuant to Code of Civil Procedure section 382 and/or other applicable law on behalf of herself and all others similarly situated, as a member of the proposed class (hereafter the "Classes") defined as follows:

> **Class One:** All persons in the United States who received an email from Defendants within one (1) calendar year from the filing of the instant complaint wherein Defendants did not provide notice to the debtor of debtor rights as required by 15 U.S.C. §1692g(a);

and
**Class Two:** All persons within the state of California, who received an email from Defendants within one (1) calendar year from the filing of the instant complaint wherein Defendants did not provide notice to the debtor of debtor rights as required by Cal. Civ. Code §1812.700(a).

11. Specifically excluded from the proposed Classes are Defendants; any entities in which Defendants have a controlling interest; and the employees, officers, directors, affiliates, legal representatives, subsidiaries, and affiliates of Defendant. The Classes' claims are based on the FDCPA, 15 U.S.C. §1692 et seq. and the RFDCPA, *Cal. Civ. Code* §1788 et seq.

12. This action is brought and may be properly maintained as a class action. This action satisfies the numerosity, typicality, adequacy, predominance and superiority requirements for a class action.

13. The Classes are so numerous that the individual joinder of all of its members is impractical. While the exact number and identities of the members of the Classes are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that the Classes include thousands of members. Plaintiff alleges that the members of the Classes may be ascertained by the records maintained by Defendants.

14. Common questions of fact and law exist as to all members of the Classes that predominate over any questions affecting only individual members of the Classes. These common legal and factual questions, which do not vary between members of the Classes, and which may be determined without reference to the individual circumstances of any of the members of the Classes, include, but are not limited to, the following:

 a. Whether Defendants have a policy of communicating with United States residents in connection with the collection of an alleged debt

wherein Defendants failed to provide notice to the debtor of debtor rights required by the FDCPA;

      b.    Whether Defendants have communicated with California residents in connection with the collection of an alleged debt wherein Defendant has failed to provide notice to the debtor of debtor rights required by California law; and

      c.    The nature and extent of damages and other remedies to which the conduct of Defendants entitles the members of the Classes.

15. Plaintiff is asserting claims that are typical of the Classes because every other member of the Classes, like Plaintiff, were exposed to virtually identical conduct and are entitled to statutory damages in the amount of $1,000.00 each, in addition to reasonably incurred attorneys' fees and costs pursuant to 15 U.S.C. §1692k(a)(1)-(3), and up to $1,000.00 in addition to actual damages and reasonable attorneys' fees and costs pursuant to *Cal. Civ. Code §1788.30*.

16. Plaintiff will fairly and adequately protect the interests of the members of the Classes. Plaintiff has retained attorneys experienced in the prosecution of class actions.

17. A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all members of the Classes is impracticable. Even if every member of the Classes could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each of the members of

the Classes.

18.     The prosecution of separate actions by thousands of individual members of the Classes would also create the risk of inconsistent or varying adjudications with respect to, among other things, the need for and the nature of proper disclosures that Defendants must provide to all members of the Classes when attempting to collect alleged debts.

19.     The prosecution of separate actions by individual members of the Classes would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other members of the Classes who are not parties to such adjudications or that would substantially impair or impede the ability of such non-party members of the California Classes to protect their interests.

20.     Defendants have acted or refused to act in respects generally applicable to the Classes, thereby making appropriate final and injunctive relief with regard to the members of the Classes as a whole.

## COUNT I: VIOLATION OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

21.     Plaintiff incorporates by reference the preceding paragraphs of this Complaint.

22.     A debt collector may not fail to provide notice to the debtor of debtor rights. 15 U.S.C. §1692g(a).

23.     As a direct proximate result of Defendants' conduct, Plaintiff and the Class have suffered actual damages and other harm, thereby entitling them to seek statutory damages from each Defendant in the amount of $1,000.00 each, in addition to reasonably incurred attorneys' fees and costs. 15 U.S.C. §1692k(a)(1)-(3).

### Prayer for Damages

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff and the

Class members the following relief against Defendants:

1. That this action be certified as a class action on behalf of The Class and Plaintiff be appointed as the representative of The Class;
2. For statutory damages of $1,000.00 for Plaintiff, and for members of the classes, the lesser of 1% of Defendant's net worth or $500,000.00
3. For actual damages according to proof;
4. For reasonable attorneys' fees and costs of suit;
5. For prejudgment interest at the legal rate; and
6. For such further relief as this Court deems necessary, just, and proper.

## COUNT II: VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

24. Plaintiff incorporates by reference the preceding paragraphs of this Complaint.

25. *Cal. Civ. Code* §1788.17 mandates that every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code statutory regulations contained within the FDCPA, *15 U.S.C. 1692, et seq*.

26. Based upon the foregoing, Defendants' conduct violated the RFDCPA in multiple ways, including but not limited to:

a) In addition to the requirements imposed by Article 2 (commencing with Section 1788.10) of Title 1.6C, third-party debt collectors subject to the federal Fair Debt Collection Practices Act (15 U.S.C. Sec. 1692 et seq.) shall provide a notice to debtors that shall include the following description of debtor rights: "The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using

obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov." (Cal. Civ. § 1812.700(a);

b) The notice shall be included with the first written notice initially addressed to a California address of a debtor in connection with collecting the debt by the third-party debt collector (Cal. Civ. § 1812.700(b); and

c) A debt collector may not fail to provide notice to the debtor of debtor rights as required by 15 U.S.C. §1692g(a) and, therefore, *Cal Civ. Code* §1788.17.

27. Plaintiff alleges that to the extent that Defendants' actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully

28. As a direct and proximate result of Defendants' violations of *Cal. Civ. §1788* et seq., Plaintiff and the members of the Classes have suffered injury, and may recover from each Defendant one thousand dollars ($1,000.00) in statutory damages in addition to actual damages and reasonable attorneys' fees and costs pursuant to *Cal. Civ. Code §1788.30*.

29. The violations of *Cal. Civ. Code §1788* et seq. described herein present a continuing threat to members of the Classes and members of the general public in that Plaintiff is informed and believes and thereon alleges that Defendants continue to engage in these practices, and will not cease doing so unless and until forced to do so by this Court.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff and The Class members the following relief against Defendants:

1. That this action be certified as a class action on behalf of The Class and Plaintiff be appointed as the representative of The Class;
2. For statutory damages of $1,000.00 for Plaintiff and for members of the classes, the lesser of 1% of Defendants' net worth or $500,000.00
3. For actual damages according to proof;
4. For reasonable attorneys' fees and costs of suit;
5. For prejudgment interest at the legal rate; and
6. For such further relief as this Court deems necessary, just, and proper.

### DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of each and every claim so triable.

Respectfully submitted this 27th of April, 2017.

                        By: /s/Todd M. Friedman
                        Todd M. Friedman
                        LAW OFFICES OF TODD M. FRIEDMAN, P.C.
                        Attorney for Plaintiff

Robert D. Berglund
bobby@berglundfirm.com
BERGLUND LAW OFFICE, P.C.
3940 Laurel Canyon Blvd., Ste. 103
Studio City, CA 91604
T: (818) 760-0681
F: (213) 402-2257